PETROPLUS, JUDGE:
The claimant, C & D Equipment Company, a corporation, filed its Notice of Contract claim against the respondent, the State Building Commission of West Virginia, a public corporation created under the laws of the State of West Virginia, with powers and duties conferred upon it by Chapter 5, Article 6 of the official Code of West Virginia, seeking to recover the sum of $48,340.36. The case was submitted on a Stipulation of Facts and only legal questions relating to the interpretation of the Contract are presented to this Court for determination.
The following is the factual situation as revealed by the Record. The State Building Commission was created for the construction of public buildings for specified purposes with powers to contract and acquire by purchase or otherwise real property necessary for its corporate purposes and to exercise the power of eminent domain to accomplish such purposes. The Commission is also authorized to construct buildings on real property which it may acquire in the City of Charleston, and issue State Building Revenue Bonds to finance the costs of its projects. Prior to the 29th day of December, 1967, the State Building Commission decided upon and did commence the acquisition of property for the erection and construction of *238 certain buildings, and on December 29, 1967, entered into a Contract with the claimant for the furnishing of all equipment, labor and performing all of the work necessary for the demolition of certain structures described in the Contract by street addresses and parcel numbers. The Contract stated that time was of the essence and the Commission would pay the amounts set forth with unit prices in the claimant’s Proposal which was attached to and made a part of the Contract by reference. The Proposal covered approximately 63 structures with a specified bid price for each structure ranging from $45.00 to $4550.00, depending upon the size and condition of each structure. The Notice to bidders requesting sealed bids to be submitted stated that separate bids must be made for each building in the Capitol Complex Project, and possession of each building for demolition purposes will be awarded to the contractor on an individual basis. The contractor’s bid proposal included detailed specifications for a complete demolition of the buildings, severance of utility services, grading and parking lot surfacing, rat control, as well as a time schedule for the completion of the demolition work for designated buildings not later than April 1, 1968, and other designated buildings not later than May 1, 1968. The project was not completed until June 30, 1968, because of the alleged failure of the respondent to release the properties to the claimant with proper order and timing to allow the contractor to schedule and complete its work in an orderly, efficient and economical manner as it had planned to do when it examined the Proposals and made its bid to demolish all structures for an aggregate sum of $41,717.00.
The delay of the State Building Commission to make 'available the structures is charged as a breach of its contract. The claimant was required to raze a structure in one area and move to an entirely different location to demolish another structure, completely disrupting its plans to execute the Contract according to a schedule of operations as contemplated by the parties, thereby causing the plaintiff to spend an additional sum of money for the rental of equipment, labor and for the idleness of its own equipment and other costs and expenses over and above the Contract price, making a total claim of $48,340.36.
The claim for damages and extra compensation, with supporting data and affidavits, was thoroughly investigated by the State *239 Building Commission and, as a result of such investigation, the losses were verified and the Commission recommended the payment to the claimant of the sum of $29,907.68. The respondent thereupon made its requisition for payment of said sum to Denzil L. Gainer, Auditor of the State of West Virginia, for the issuance of a Warrant to the Treasurer of the State for the payment of said sum. The State Auditor would not approve the payment of the requisition and thereupon the claimant filed a Petition for Mandamus in the Supreme Court of Appeals of the State of West Virginia to compel the payment of the sum of $29,907.68, the agreed amount of the settlement between the parties. The Supreme Court of Appeals, in its Opinion dated April 14, 1970, refused the Writ, holding that the State Office Building Commission was a State Agency and as such immune from suit and that the claim should be submitted to the State Court of Claims for determination. The Court further held that the Auditor had no authority to issue a Warrant for such a claim without authorization for payment by the Legislature after the claim had been considered favorably by the Court of Claims.
In order to finance the work, the claimant assigned the money it was to receive under the Contract to The First National Bank of South Charleston, which Assignment was accepted by the State Building Commission.
The claimant’s contention is that it is entitled to recover damages for the delayed release of structures for demolition in violation of a contemplated sequence of operations which would have enabled the contractor to do its work efficiently and economically. The State’s contention admits the authorized payment to the claimant of $29,907.68 as additional compensation for damages and extra work, but denies any legal obligation to the claimant.
An examination by this Court of all the contract documents, including the specifications, bid proposal and all the circumstances surrounding the project, reveals that the contractor relied upon an orderly, efficient and business-like release of the structures for demolition. In our opinion, it cannot be seriously contended by the respondent that when a completion date is specified for designated structures not *240 later than. April 1, 1968, and other designated structures not later than May 1, 1968, that a proper interpretation of the Contract would permit the respondent to release the propérties for demolition in a haphazard manner requiring the contractor to keep its equipment idle and causing him to move unrieces-sarily from one site to another to suit the convenience of the respondent. A reasonable performance of the Contract required the respondent to make the properties available' in a sequence of operation which would allow the contractor to perform its work in a reasonably efficient manner. It is clear from this Record that the Building Commission after an investigation admitted its fault by recommending the payment to the contractor of the additional sum of $29,907.68, which amount is not entirely sufficient to compensate the contractor for its full loss.
In view of the foregoing, we are of the opinion that this is a legal claim which the State in good conscience should pay for failure to perform its part of the Contract in a reasonable and proper manner. If the State, for reasons beyond its control, was unable to make structures available for timely demolition, it should have exercised its right set forth in the Contract documents, to eliminate from the project such structures as were not available for demolition.
For the reasons stated herein, the Court is of opinion to award claimant the sum of $29,907.68.
Claim allowed in the amount of $29,907.68.